UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEIL GONSALVES,<br>*Plaintiff,*<br>vs.<br>JEFFREY DERDERIAN, et al.,<br>*Defendants.* | C.A. No. 06-076L |

**ANSWER OF DEFENDANTS, TOWN OF WEST WARWICK, ANTHONY BETTENCOURT, DENIS LAROCQUE, AND STEPHEN D. MURRAY TO PLAINTIFF'S ADOPTION OF THE THIRD AMENDED MASTER COMPLAINT**

Now come Defendants, Town of West Warwick, Anthony Bettencourt, Denis Larocque, and Stephen D. Murray ("Defendants"), and hereby respond to Plaintiff's Adoption of the Third Amended Master Complaint as follows:

1. These Defendants make no response to the allegations contained in the unnumbered paragraph of that portion of the Third Amended Master Complaint entitled, *Introduction*, in that said paragraphs serve as an introduction and therefore, no response is required. However, to the extent that these paragraphs contain any allegations against these Defendants, said allegations are expressly denied.

2. These Defendants make no response to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81,

82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, and 266 of that portion the Third Amended Master Complaint entitled, *Parties: Plaintiffs*, due to insufficient information, and leave Plaintiffs to their proof of same.

3. These Defendants make no response to the allegations contained in paragraph 271 of that portion of the Third Amended Master Complaint entitled, *General Allegations as to All Defendants*, due to insufficient information, and leave Plaintiffs to their proof of same.

4. These Defendants make no response to the allegations contained in paragraphs 272, 273, 274, 275, 276, 277, 278, and 279 of that portion of the Third Amended Master Complaint entitled, *Jeffrey Derderian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

5. These Defendants make no response to the allegations contained in paragraphs 280 and 281 of that portion of the Third Amended Master Complaint entitled, *Count I: Jeffrey*

*Derderian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

6. These Defendants make no response to the allegations contained in paragraphs 282 and 283 of that portion of the Third Amended Master Complaint entitled, *Count II: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

7. These Defendants make no response to the allegations contained in paragraphs 284, 285 and 286 of that portion of the Third Amended Master Complaint entitled, *Michael Derderian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

8. These Defendants make no response to the allegations contained in paragraphs 287 and 288 of that portion of the Third Amended Master Complaint entitled, *Count III: Michael Derderian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

9. These Defendants make no response to the allegations contained in paragraphs 289 and 290, of that portion of the Third Amended Master Complaint entitled, *Count IV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are

not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

10. These Defendants make no response to the allegations contained in paragraphs 291, 292, and 293 of that portion of the Third Amended Master Complaint entitled, *DERCO, LLC*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

11. These Defendants make no response to the allegations contained in paragraphs 294 and 295 of that portion of the Third Amended Master Complaint entitled, *Count V: DERCO, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

12. These Defendants make no response to the allegations contained in paragraphs 296 and 297 of that portion of the Third Amended Master Complaint entitled, *Count VI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

13. These Defendants make no response to the allegations contained in paragraphs 298 and 299 of that portion of the Third Amended Master Complaint entitled, *Howard Julian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required.

However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

14. These Defendants make no response to the allegations contained in paragraphs 300 and 301 of that portion of the Third Amended Master Complaint entitled, *Count VII: Howard Julian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

15. These Defendants make no response to the allegations contained in paragraphs 302 and 303 of that portion of the Third Amended Master Complaint entitled, *Count VIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

16. These Defendants make no response to the allegations contained in paragraphs 304, 305, 306, and 307 of that portion of the Third Amended Master Complaint entitled, *Triton Realty Limited Partnership*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

17. These Defendants make no response to the allegations contained in paragraphs 308 and 309 of that portion of the Third Amended Master Complaint entitled, *Count IX: Triton Realty Limited Partnership – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

18. These Defendants make no response to the allegations contained in paragraphs 310 and 311 of that portion of the Third Amended Master Complaint entitled, *Count X: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

19. These Defendants make no response to the allegations contained in paragraphs 312, 313, 314, and 315, of that portion of the Third Amended Master Complaint entitled, *Triton Realty, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

20. These Defendants make no response to the allegations contained in paragraphs 316 and 317 of that portion of the Third Amended Master Complaint entitled, *Count XI: Triton Realty, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

21. These Defendants make no response to the allegations contained in paragraphs 318 and 319, of that portion of the Third Amended Master Complaint entitled, *Count XII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that

any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

22. These Defendants make no response to the allegations contained in paragraphs 320, 321, 322, and 323 of that portion of the Third Amended Master Complaint entitled, *Raymond J. Villanova*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

23. These Defendants make no response to the allegations contained in paragraphs 324 and 325, of that portion of the Third Amended Master Complaint entitled, *Count XIII: Raymond J. Villanova – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

24. These Defendants make no response to the allegations contained in paragraphs 326 and 327, of that portion of the Third Amended Master Complaint entitled, *Count XIV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

25. These Defendants make no response to the allegations contained in paragraphs 328, 329, 330, and 331, of that portion of the Third Amended Master Complaint entitled, *Jack Russell*, in that said paragraphs are not directed to these Defendants and, thus, no response is

required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

26. These Defendants make no response to the allegations contained in paragraphs 332 and 333, of that portion of the Third Amended Master Complaint entitled, *Count XV: Jack Russell – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

27. These Defendants make no response to the allegations contained in paragraph 334 of that portion of the Third Amended Master Complaint entitled, *Count XVI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

28. These Defendants make no response to the allegations contained in paragraphs 335, 336, 337, 338, and 339, of that portion of the Third Amended Master Complaint entitled, *Jack Russell Touring, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

29. These Defendants make no response to the allegations contained in paragraphs 340 and 341, of that portion of the Third Amended Master Complaint entitled, *Count XVII: Jack Russell Touring, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other

wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

30. These Defendants make no response to the allegations contained in paragraphs 342 and 343, of that portion of the Third Amended Master Complaint entitled, *Count XVIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

31. These Defendants make no response to the allegations contained in paragraphs 344, 345, 346, and 347, of that portion of the Third Amended Master Complaint entitled, *Paul Woolnough*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

32. These Defendants make no response to the allegations contained in paragraphs 348 and 349, of that portion of the Third Amended Master Complaint entitled, *Count XIX: Paul Woolnough – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

33. These Defendants make no response to the allegations contained in paragraphs 350 and 351, of that portion of the Third Amended Master Complaint entitled, *Count XX: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that

any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

34. These Defendants make no response to the allegations contained in paragraphs 352, 353, 354 and 355, of that portion of the Third Amended Master Complaint entitled, *Manic Music Management, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

35. These Defendants make no response to the allegations contained in paragraphs 356 and 357, of that portion of the Third Amended Master Complaint entitled, *Count XXI: Manic Music Management, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

36. These Defendants make no response to the allegations contained in paragraphs 358 and 359, of that portion of the Third Amended Master Complaint entitled, *Count XXII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

37. These Defendants make no response to the allegations contained in paragraphs 360, 361, 362, and 363, of that portion of the Third Amended Master Complaint entitled, *Knight Records, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response

is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

38. These Defendants make no response to the allegations contained in paragraphs 364 and 365, of that portion of the Third Amended Master Complaint entitled, *Count XXIII: Knight Records, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

39. These Defendants make no response to the allegations contained in paragraphs 366 and 367, of that portion of the Third Amended Master Complaint entitled, *Count XXIV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

40. These Defendants make no response to the allegations contained in paragraphs 368, 369, 370, and 371, of that portion of the Third Amended Master Complaint entitled, *Daniel Biechele*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

41. These Defendants make no response to the allegations contained in paragraphs 372 and 373, of that portion of the Third Amended Master Complaint entitled, *Count XXV: Daniel Biechele – Negligence*, in that said paragraphs are not directed to these Defendants and,

thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

42. These Defendants make no response to the allegations contained in paragraphs 374 and 375, of that portion of the Third Amended Master Complaint entitled, *Count XXVI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

43. These Defendants make no response to the allegations contained in paragraphs 376, 377, 378, 379, 380, 381, 382, 383, and 384, of that portion of the Third Amended Master Complaint entitled, *Anheuser-Busch, Incorporated and Anheuser-Busch Companies, Incorporated*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

44. These Defendants make no response to the allegations contained in paragraphs 385 and 386, of that portion of the Third Amended Master Complaint entitled, *Count XXVII: Anheuser-Busch – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

45. These Defendants make no response to the allegations contained in paragraphs 387, 388, 389, 390, 391, and 392, of that portion of the Third Amended Master Complaint entitled, *McLaughlin & Moran*, in that said paragraphs are not directed to these Defendants and,

thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

46. These Defendants make no response to the allegations contained in paragraphs 393 and 394, of that portion of the Third Amended Master Complaint entitled, *Count XXVIII: McLaughlin & Moran, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

47. These Defendants make no response to the allegations contained in paragraphs 395, 396, 397, 398, 399, 400, 401, and 402, of that portion of the Third Amended Master Complaint entitled, *WHJY, Inc. and Capstar Radio Operating Company*, in that said paragraphs are not directed to these Defendants and, thus, no response is required and to the extent that this plaintiff has specifically declined to adopt said allegations. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

48. These Defendants make no response to the allegations contained in paragraphs 403 and 404, of that portion of the Third Amended Master Complaint entitled, *Count XXIX: WHJY, Inc. and/or Capstar – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required and to the extent that this plaintiff has specifically declined to adopt said allegations. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

49. These Defendants make no response to the allegations contained in paragraphs 405, 406, 407, and 408, of that portion of the Third Amended Master Complaint entitled, *Clear Channel Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required and to the extent that this plaintiff has specifically declined to adopt said allegations. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

50. These Defendants make no response to the allegations contained in paragraphs 409 and 410, of that portion of the Third Amended Master Complaint entitled, *Count XXX: Clear Channel Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required and to the extent that this plaintiff has specifically declined to adopt said allegations. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

51. These Defendants admit the allegation contained in paragraph 411 of that portion of the Third Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick*, to the extent that Mr. Larocque is a resident of West Warwick, Rhode Island. These Defendants deny the remaining allegations contained in said paragraph.

52. These Defendants admit the allegations contained in paragraphs 412, 413, and 424, of that portion of the Third Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick.*

53. These Defendants deny the allegations contained in paragraphs 414, 415, 416,418, 419, 420, 421, 422, 423, and 425, of that portion of the Third Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick.*

54. These Defendants admit the allegation contained in paragraph 417 of that portion of the Third Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick*, to the extent that Anthony Bettencourt was employed as a special detail officer at The Station nightclub. These Defendants deny all remaining allegations contained is said paragraph.

55. These Defendants deny the allegations contained in paragraphs 426 and 427, of that portion of the Third Amended Master Complaint entitled, *Count XXXI: Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick – Negligence.*

56. These Defendants deny the allegations contained in paragraphs 428 and 429, of that portion of the Third Amended Master Complaint entitled, *Count XXXII: Denis P. Larocque, Fire Inspector – Negligence.*

57. These Defendants deny the allegations contained in paragraphs 430 and 431, of that portion of the Third Amended Master Complaint entitled, *Count XXXIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2.*

58. These Defendants deny the allegations contained in paragraphs 432 and 433, of that portion of the Third Amended Master Complaint entitled, *Count XXXIV: Anthony Bettencourt – Negligence.*

59. These Defendants make no response to the allegations contained in paragraphs 434, 435, and 436, of that portion of the Third Amended Master Complaint entitled, *State of*

*Rhode Island and Irving J. Owens, Fire Marshal*, in that said paragraphs are not directed to these Defendants and, thus, no response is required.[1] However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

60. These Defendants make no response to the allegations contained in paragraphs 437 and 438, of that portion of the Third Amended Master Complaint entitled, *Count XXXV: State of Rhode Island – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

61. These Defendants make no response to the allegations contained in paragraphs 439 and 440, of that portion of the Third Amended Master Complaint entitled, *Count XXXVI: Irving J. Owens – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

62. These Defendants make no response to the allegations contained in paragraphs 441, 442, 443, and 444, of that portion of the Third Amended Master Complaint entitled, *Brian Butler*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

63. These Defendants make no response to the allegations contained in paragraphs 445 and 446, of that portion of the Third Amended Master Complaint entitled, *Count XXXVII:*

---

[1] The Motion to Dismiss filed by the State of Rhode Island and Irving J. Owens, Fire Marshal, was granted on November 17, 2005.

*Brian Butler – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

64. These Defendants make no response to the allegations contained in paragraphs 447, 448, 449, and 450, of that portion of the Third Amended Master Complaint entitled, *TVL Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

65. These Defendants make no response to the allegations contained in paragraphs 451 and 452, of that portion of the Third Amended Master Complaint entitled, *Count XXXVIII: TVL Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

66. These Defendants make no response to the allegations contained in paragraphs 453, 454, 455, and 456, of that portion of the Third Amended Master Complaint entitled, *STC Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

67. These Defendants make no response to the allegations contained in paragraphs 457 and 458, of that portion of the Third Amended Master Complaint entitled, *Count XXXIX: STC Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

68. These Defendants make no response to the allegations contained in paragraphs 459, 460, 461, 462, 463, and 464, of that portion of the Third Amended Master Complaint entitled, *Barry H. Warner*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

69. These Defendants make no response to the allegations contained in paragraphs 465 and 466, of that portion of the Third Amended Master Complaint entitled, *Count XL: Barry H. Warner – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

70. These Defendants make no response to the allegations contained in paragraphs 467 and 468, of that portion of the Third Amended Master Complaint entitled, *Count XLI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

71. These Defendants make no response to the allegations contained in paragraphs 469, 470, 471, and 472, of that portion of the Third Amended Master Complaint entitled, *Count XLII: Luna Tech, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other

wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

72. These Defendants make no response to the allegations contained in paragraphs 473, 474, 475, 476, and 477, of that portion of the Third Amended Master Complaint entitled, *Count XLIII: Luna Tech, Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

73. These Defendants make no response to the allegations contained in paragraphs 478, 479, 480, of that portion of the Third Amended Master Complaint entitled, *Count XLIV: Luna Tech, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

74. These Defendants make no response to the allegations contained in paragraphs 481, 482, 483, and 484, of that portion of the Third Amended Master Complaint entitled, *Count XLV: High Tech Special Effects, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

75. These Defendants make no response to the allegations contained in paragraphs 485, 486, 487, 488, and 489, of that portion of the Third Amended Master Complaint entitled, *Count XLVI: High Tech Special Effects, Inc. – Strict Liability*, in that said paragraphs are not

directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

76. These Defendants make no response to the allegations contained in paragraphs 490, 491, and 492, of that portion of the Third Amended Master Complaint entitled, *Count XLVII: High Tech Special Effects, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

77. These Defendants make no response to the allegations contained in paragraphs 493, 494, 495, 496, 497, and 498, of that portion of the Third Amended Master Complaint entitled, *Count XLVIII: American Foam Corporation – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

78. These Defendants make no response to the allegations contained in paragraphs 499, 500, 501, 502, and 503, of that portion of the Third Amended Master Complaint entitled, *Count XLIX: American Foam Corporation – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

79. These Defendants make no response to the allegations contained in paragraphs 504, 505, and 506, of that portion of the Third Amended Master Complaint entitled, *Count L:*

*American Foam Corporation – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

80. These Defendants make no response to the allegations contained in paragraphs 507, 508, 509, 510, and 511, of that portion of the Third Amended Master Complaint entitled, *Count LI: Leggett & Platt Incorporated – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

81. These Defendants make no response to the allegations contained in paragraphs 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, and 532, of that portion of the Third Amended Master Complaint entitled, *Count LII: Leggett & Platt Incorporated – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

82. These Defendants make no response to the allegations contained in paragraphs 533, 534, and 535, of that portion of the Third Amended Master Complaint entitled, *Count LIII: Leggett & Platt Incorporated – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

83. These Defendants make no response to the allegations contained in paragraphs 536, 537, 538, and 539, of that portion of the Third Amended Master Complaint entitled, *Count LIV: L&P Financial Services Co. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

84. These Defendants make no response to the allegations contained in paragraphs 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, and 560, of that portion of the Third Amended Master Complaint entitled, *Count LV: L&P Financial Services Co. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

85. These Defendants make no response to the allegations contained in paragraphs 561, 562, and 563, of that portion of the Third Amended Master Complaint entitled, *Count LVI: L&P Financial Services Co. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

86. These Defendants make no response to the allegations contained in paragraphs 564, 565, 566, and 567, of that portion of the Third Amended Master Complaint entitled, *Count LVII: General Foam Corporation – Negligence* , in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

87. These Defendants make no response to the allegations contained in paragraphs 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, and 588, of that portion of the Third Amended Master Complaint entitled, *Count LVIII: General Foam Corporation – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

88. These Defendants make no response to the allegations contained in paragraphs 589, 590, and 591, of that portion of the Third Amended Master Complaint entitled, *Count LIX: General Foam Corporation – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

89. These Defendants make no response to the allegations contained in paragraphs 592, 593, 594, 595, and 596, of that portion of the Third Amended Master Complaint entitled, *Count LX: General Foam, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

90. These Defendants make no response to the allegations contained in paragraphs 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615,

616, and 617, of that portion of the Third Amended Master Complaint entitled, *Count LXI: GFC Foam, LLC – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

91. These Defendants make no response to the allegations contained in paragraphs 618, 619, and 620, of that portion of the Third Amended Master Complaint entitled, *Count LXII: GFC Foam, LLC – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

92. These Defendants make no response to the allegations contained in paragraphs 621 and 622, of that portion of the Third Amended Master Complaint entitled, *Count LXII: Foamex LP – Successor Liability for General Foam Corporation*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

93. These Defendants make no response to the allegations contained in paragraphs 623, 624, and 625, of that portion of the Third Amended Master Complaint entitled, *Count LXIV: Foamex International Inc. – Liability for Foamex LP*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

94. These Defendants make no response to the allegations contained in paragraphs 626, 627, and 628, of that portion of the Third Amended Master Complaint entitled, *Count LXV: FMXI, Inc. – Liability as General Partner*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

95. These Defendants make no response to the allegations contained in paragraphs 629, 630, and 631, of that portion of the Third Amended Master Complaint entitled, *Count LXVI: PMC, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

96. These Defendants make no response to the allegations contained in paragraphs 632, 633, and 634, of that portion of the Third Amended Master Complaint entitled, *Count LXVII: PMC Global, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

97. These Defendants make no response to the allegations contained in paragraphs 635, 636, 637, 638, 639, 640, 641, 642, and 643, of that portion of the Third Amended Master Complaint entitled, *Count LXVIII: JBL Incorporated f/k/a James B. Lansing Sound, Incorporated d/b/a Professional – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

98. These Defendants make no response to the allegations contained in paragraphs 644, 645, 646, 647, and 648, of that portion of the Third Amended Master Complaint entitled, *Count LXIX: JBL Incorporated – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

99. These Defendants make no response to the allegations contained in paragraphs 649, 650, and 651, of that portion of the Third Amended Master Complaint entitled, *Count LXX: JBL Incorporated – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

100. These Defendants make no response to the allegations contained in paragraphs 652, 653, 654, 655, 656, 657, 658, and 659, of that portion of the Third Amended Master Complaint entitled, *Essex Insurance Company, Multi-State Inspections, Inc. and High Caliber Inspections, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required.[2] However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

101. These Defendants make no response to the allegations contained in paragraphs 660 and 661, of that portion of the Third Amended Master Complaint entitled, *Count LXXI: Essex Insurance Company – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

[2] The motions to dismiss filed by Essex Insurance Company, Multi-State Inspections, Inc., and High Caliber Inspections, Inc., were granted on November 9, 2005.

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

102. These Defendants make no response to the allegations contained in paragraphs 662 and 663, of that portion of the Third Amended Master Complaint entitled, *Count LXXII: Multi-State Inspections, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

103. These Defendants make no response to the allegations contained in paragraphs 664 and 665, of that portion of the Third Amended Master Complaint entitled, *Count LXXIII: High Caliber Inspections, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

104. These Defendants make no response to the allegations contained in paragraphs 666, 667, 668, 669, 670, 671, 672, 673, 674, and 675, of that portion of the Third Amended Master Complaint entitled, *Underwriters at Lloyd's, London and Gresham & Associates of R.I., Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

105. These Defendants make no response to the allegations contained in paragraphs 676 and 677, of that portion of the Third Amended Master Complaint entitled, *Count LXXIV: Underwriters at Lloyd's, London – Negligence*, in that said paragraphs are not directed to these

Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

106. These Defendants make no response to the allegations contained in paragraphs 678 and 679, of that portion of the Third Amended Master Complaint entitled, *Count LXXV: Gresham & Associates of R.I., Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

107. These Defendants make no response to the allegations contained in paragraphs 680, 681, 682, and 683, of that portion of the Third Amended Master Complaint entitled, *ABC Bus, Inc. d/b/a ABC Bus Leasing, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

108. These Defendants make no response to the allegations contained in paragraphs 684 and 685, of that portion of the Third Amended Master Complaint entitled, *Count LXXVI: ABC Bus, Inc. d/b/a ABC Bus Leasing, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

109. These Defendants make no response to the allegations contained in paragraphs 686 and 687, of that portion of the Third Amended Master Complaint entitled, *Count LXXVII:*

*Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

110. These Defendants make no response to the allegations contained in paragraphs 688, 689, 690, and 691, of that portion of the Third Amended Master Complaint entitled, *Superstar Services, LLC*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

111. These Defendants make no response to the allegations contained in paragraphs 692 and 693, of that portion of the Third Amended Master Complaint entitled, *Count LXXVIII: Superstar Services, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

112. These Defendants make no response to the allegations contained in paragraphs 694 and 695, of that portion of the Third Amended Master Complaint entitled, *Count LXXIX: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

113. These Defendants make no response to the allegations contained in paragraphs 696, 697, 698, 699, 700, and 701, of that portion of the Third Amended Master Complaint

entitled, *Count LXXX: "John Doe" Defendants – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

114. These Defendants make no response to the allegations contained in paragraphs 702, 703, 704, 705, and 706, of that portion of the Third Amended Master Complaint entitled, *Count LXXXI: "John Doe" Defendants – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

115. These Defendants make no response to the allegations contained in paragraphs 707, 708, 709, 710, 711, and 712 of that portion of the Third Amended Master Complaint entitled, *Count LXXXII: State of Rhode Island through Denis P. Larocque, Deputy Fire Marshal*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

116. These Defendants make no response to the allegations contained in paragraphs 713, 714, 715, 716, 717, and 718 of that portion of the Third Amended Master Complaint entitled, *Count LXXXIII: Surplex Underwriters, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

117. These Defendants make no response to the allegations contained in paragraphs 719, 720, 721, 722, 723, and 724 of that portion of the Third Amended Master Complaint entitled, *Count LXXXIV: V.B. Gifford & Company, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

118. These Defendants make no response to the allegations contained in paragraphs 725, 726, 727, 728, 729, and 730 of that portion of the Third Amended Master Complaint entitled, *Count LXXXV: Anchor Solutions Company, Inc. (previously Abacus Service Company, Inc.) – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

119. These Defendants admit the allegations contained in paragraph 731 of that portion of the Third Amended Master Complaint entitled, *Count LXXXVI: Stephen D. Murray – Negligence*.

120. These Defendants deny the allegations contained in paragraphs 732, 733, and 734 of that portion of the Third Amended Master Complaint entitled, *Count LXXXVI: Stephen D. Murray – Negligence*.

121. These Defendants make no response to the allegations contained in paragraphs 735, 736, 737, 738, 739, and 740 of that portion of the Third Amended Master Complaint entitled, *Count LXXXVII: Joseph Lafontaine – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any

negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

122. These Defendants make no response to the allegations contained in paragraphs 741, 742, 743, and 744 of that portion of the Third Amended Master Complaint entitled, *Count LXXXVIII: Polar Industries, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

123. These Defendants make no response to the allegations contained in paragraphs 745, 746, 747, 748, and 749 of that portion of the Third Amended Master Complaint entitled, *Count LXXXVIII: Polar Industries, Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

124. These Defendants make no response to the allegations contained in paragraphs 750, 751 and 752 of that portion of the Third Amended Master Complaint entitled, *Count XC: Polar Industries, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

125. These Defendants make no response to the allegations contained in paragraphs 753, 754, 755, 756, and 757 of that portion of the Third Amended Master Complaint entitled, *Count XCI: Home Depot U.S.A., Inc. – Negligence*, in that said paragraphs are not directed to

these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

126. These Defendants make no response to the allegations contained in paragraphs 758, 759, 760, 761, and 762 of that portion of the Third Amended Master Complaint entitled, *Count XCII: Home Depot U.S.A., Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

127. These Defendants make no response to the allegations contained in paragraphs 763, 764, and 765 of that portion of the Third Amended Master Complaint entitled, *Count XCIII: Home Depot U.S.A., Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

128. These Defendants make no response to the allegations contained in paragraphs 766, 767, 768, 769, 770 and 771 of that portion of the Third Amended Master Complaint entitled, *Count XCIV: Celotex Successor in Interest – Negligence (Celotex Corp., Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC)*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

129. These Defendants make no response to the allegations contained in paragraphs 772, 773, 774, 775, 776, and 777 of that portion of the Third Amended Master Complaint entitled, *Count XCV: Celotex Defendants – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

130. These Defendants make no response to the allegations contained in paragraphs 778, 779, 780, and 781 of that portion of the Third Amended Master Complaint entitled, *Count XCVI: Celotex Defendants – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

131. These Defendants make no response to the allegations contained in paragraphs 782, 783, 784, 785, 786, 787, 788, 789, 790, 791, 792, 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, and 805 of that portion of the Third Amended Master Complaint entitled, *Count XCVII: FFNC, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

132. These Defendants make no response to the allegations contained in paragraphs 806 and 807 of that portion of the Third Amended Master Complaint entitled, *Count XCVIII: FFNC, Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and,

thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

133. These Defendants make no response to the allegations contained in paragraphs 808, 809, and 810 of that portion of the Third Amended Master Complaint entitled, *Count XCIX: FFNC, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

134. These Defendants make no response to the allegations contained in paragraphs 811, 812, 813, 814, and 815 of that portion of the Third Amended Master Complaint entitled, *Count C: Aram Dermanouelian – Intentional Tort*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

135. These Defendants make no response to the allegations contained in paragraphs 816 and 817 of that portion of the Third Amended Master Complaint entitled, *Count CI: Aram Dermanouelian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

136. These Defendants make no response to the allegations contained in paragraphs 818, 819, and 820 of that portion of the Third Amended Master Complaint entitled, *Count CII: Framingham-150 FR Realty Limited Partnership – Fraudulent Transferee*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to

the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

137. These Defendants make no response to the allegations contained in paragraphs 821, 822, and 823 of that portion of the Third Amended Master Complaint entitled, *Count CIII: Framingham-150 FR Realty, Inc. – General Partner of Fraudulent Transferee*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

138. These Defendants make no response to the allegations contained in paragraphs 824, 825, and 826 of that portion of the Third Amended Master Complaint entitled, *Count CIV: Seekonk-226 Limited Partnership – Fraudulent Transferee*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

139. These Defendants make no response to the allegations contained in paragraphs 827, 828, and 829 of that portion of the Third Amended Master Complaint entitled, *Count CV: Seekonk-226, Inc. – General Partner Fraudulent Transferee*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

140. These Defendants make no response to the allegations contained in paragraphs 830, 831, and 832 of that portion of the Third Amended Master Complaint entitled, *Count CVI: Frances A. Villanova – Fraudulent Transferee*, in that said paragraphs are not directed to these

Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

141. These Defendants make no response to the allegations contained in paragraphs 833, 834, 835, and 836 of that portion of the Third Amended Master Complaint entitled, *Count CVII: Busch Entertainment Corporation – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

142. These Defendants make no response to the allegations contained in paragraphs 837, 838, and 839 of that portion of the Third Amended Master Complaint entitled, *Count CVIII: Busch Media Group, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

143. These Defendants make no response to the allegations contained in paragraphs 840, 841, 842, 843, and 844 of that portion of the Third Amended Master Complaint entitled, *Count CIX: TVL Broadcasting of Rhode Island, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

144. These Defendants make no response to the allegations contained in paragraphs 845, 846, 847, 848, 849, and 850 of that portion of the Third Amended Master Complaint

entitled, *Count CX: LIN Television Corporation – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

145. These Defendants make no response to the allegations contained in paragraphs 851, 852, 853, and 854 of that portion of the Third Amended Master Complaint entitled, *Count CXI: LIN T.V. Corp. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

146. These Defendants make no response to the allegations contained in paragraphs 855, 856, 857, and 858 of that portion of the Third Amended Master Complaint entitled, *Count CXII: Mark Kendall*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

147. These Defendants make no response to the allegations contained in paragraphs 859, 860, 861, and 862 of that portion of the Third Amended Master Complaint entitled, *Count CXIII: David Felice*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

148. These Defendants make no response to the allegations contained in paragraphs 863, 864, 865, and 866 of that portion of the Third Amended Master Complaint entitled, *Count CXIV: Eric Powers*, in that said paragraphs are not directed to these Defendants and, thus, no

response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

149. These Defendants make no response to the allegations contained in paragraphs 867, 868, 869, and 870 of that portion of the Third Amended Master Complaint entitled, *Count CXV: Wm. T. Burnett & Co., Incorporated – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

150. These Defendants make no response to the allegations contained in paragraphs 871, 872, 873, 874, 875, 876, 877, 878, 879, 880, 881, 882, 883, 884, 885, 886, 887, 888, 889, 890, and 891 of that portion of the Third Amended Master Complaint entitled, *Count CXVI: Wm. T. Burnett & Co., Incorporated – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

151. These Defendants make no response to the allegations contained in paragraphs 892, 893, and 894 of that portion of the Third Amended Master Complaint entitled, *Count CXVII: Wm. T. Burnett & Co., Incorporated – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

152. These Defendants make no response to the allegations contained in paragraphs 895, 896, and 897 of that portion of the Third Amended Master Complaint entitled, *Count*

*CXVIII: Wm. T. Burnett Operating LLLP, by its sole general partner, Wm. T. Burnett Management, Inc., Wm. T. Burnett Management, Inc., individually, and Wm. T. Burnett & Co. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

153. These Defendants make no response to the allegations contained in paragraphs 898, 899, 900, 901, 902, 903, 904, 905, 906, 907, 908, 909, 910, 911, 912, 913, 914, 915, 916, 917, and 918 of that portion of the Third Amended Master Complaint entitled, *Count CXIX: Wm. T. Burnett Operating LLLP, by its sole general partner, Wm. T. Burnett Management, Inc., Wm. T. Burnett Management, Inc., individually, and Wm. T. Burnett & Co. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

154. These Defendants make no response to the allegations contained in paragraphs 919, 920, and 921 of that portion of the Third Amended Master Complaint entitled, *Count CXX: Wm. T. Burnett Operating LLLP, by its sole general partner, Wm. T. Burnett Management, Inc., Wm. T. Burnett Management, Inc., individually, and Wm. T. Burnett & Co. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

155. These Defendants make no response to the allegations contained in paragraphs 922, 923, 924, and 925 of that portion of the Third Amended Master Complaint entitled, *Count CXXI: Sealed Air – Negligence*, in that said paragraphs are not directed to these Defendants and,

thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

156. These Defendants make no response to the allegations contained in paragraphs 926, 927, 928, 929, 930, 931, 932, 933, 934, 935, 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, and 946 of that portion of the Third Amended Master Complaint entitled, *Count CXXII: Sealed Air – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

157. These Defendants make no response to the allegations contained in paragraphs 947, 948, and 949 of that portion of the Third Amended Master Complaint entitled, *Count CXXIII: Sealed Air – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

158. These Defendants make no response to the allegations contained in paragraphs 950, 951, 952, and 953 of that portion of the Third Amended Master Complaint entitled, *Count CXXIV: Sentinel Products Corp. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

159. These Defendants make no response to the allegations contained in paragraphs 954, 955, 956, 957, 958, 959, 960, 961, 962, 963, 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, and 974 of that portion of the Third Amended Master Complaint entitled, *Count CXXV:*

*Sentinel Products Corp. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

160. These Defendants make no response to the allegations contained in paragraphs 975, 976, and 977 of that portion of the Third Amended Master Complaint entitled, *Count CXXVI: Sentinel Products Corp. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

161. These Defendants make no response to the allegations contained in paragraphs 978, 979, 980, 981, 982, 983, 984, 985, 986, 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, and 1005 of that portion of the Third Amended Master Complaint entitled, *Count CXXVII: Tenneco/Pactiv/Pregis Successors in Interest – Negligence (Pactiv Corporation, Pregis Corporation and Pregis Innovative Packaging, Inc.)*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

162. These Defendants make no response to the allegations contained in paragraphs 1006 and 1007 of that portion of the Third Amended Master Complaint entitled, *Count CXXVIII: Tenneco/Pactiv/Pregis Successors in Interest – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any

negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

163. These Defendants make no response to the allegations contained in paragraphs 1008, 1009, and 1010 of that portion of the Third Amended Master Complaint entitled, *Count CXXIX: Tenneco/Pactiv/Pregis Successors in Interest – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

164. These Defendants make no response to the allegations contained in paragraphs 1011, 1012, 1013, 1014, and 1015 of that portion of the Third Amended Master Complaint entitled, *Count CXXX: Luna Tech Pyrotechnik GmbH and Luna Tech Euro GmbH – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

165. These Defendants make no response to the allegations contained in paragraphs 1016, 1017, 1018, 1019, and 1020 of that portion of the Third Amended Master Complaint entitled, *Count CXXXI: Luna Tech Pyrotechnik GmbH and Luna Tech Euro GmbH – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

166. These Defendants make no response to the allegations contained in paragraphs 1021, 1022, and 1023 of that portion of the Third Amended Master Complaint entitled, *Count CXXXII: Luna Tech Pyrotechnik GmbH and Luna Tech Euro GmbH – Breach of Warranty*, in

that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

167. These Defendants make no response to the allegations contained in paragraphs 1024, 1025, 1026, 1027, 1028, and 1029 of that portion of the Third Amended Master Complaint entitled, *Count CXXXIII: Gresham & Associates of Rhode Island, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

168. These Defendants deny the allegations contained in paragraphs (a), (b), (c), (d), (e), (f), (g), (h), and (i) of that portion of the Third Amended Master Complaint entitled, *Prayers for Relief.*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants plead absolute and qualified immunity as a bar to the within complaint, including all forms of statutory immunity and common law immunity.

### SECOND AFFIRMATIVE DEFENSE

These Defendants plead the public duty doctrine as a bar to the within complaint.

THIRD AFFIRMATIVE DEFENSE

If Plaintiffs suffered injury or damage, such injury or damage was caused by intervening acts or omissions of third parties over whom these Defendants exercise no control and for whose conduct these Defendants bear no responsibility.

FOURTH AFFIRMATIVE DEFENSE

To the extent that these Defendants are not otherwise immune from liability, which liability is expressly denied, these Defendants assert that the monetary limitations on damages set forth in *R.I.G.L. § 9-31-1, et seq.*, applies to this action.

FIFTH AFFIRMATIVE DEFENSE

These Defendants plead immunity and relief from responsibility, pursuant to *R.I.G.L. § 23-28.2-17.*

SIXTH AFFIRMATIVE DEFENSE

These Defendants assert that Plaintiffs have failed to state a cause of action.

SEVENTH AFFIRMATIVE DEFENSE

These Defendants assert that Plaintiffs have failed to demonstrate a causal relationship between Defendants alleged acts or omissions and Plaintiffs damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against these Defendants are barred, in whole or in part, because their alleged injuries and damages, if any, were proximately caused by their own negligence or other wrongdoing.

NINTH AFFIRMATIVE DEFENSE

Should these Defendants be found liable, which they expressly deny, their liability, if at all, should extend only to that portion of the damages sustained by Plaintiffs as is determined by the jury to be the result of the allocable percentage of fault or negligence on the part of these Defendants and, further, these Defendants cannot be held jointly and severally liable to the Plaintiffs for the negligence or fault of another because the doctrine of common law joint and several liability is: (1) inconsistent with the doctrine on comparative negligence; (2) against the public policy of the State of Rhode Island; and (3) in violation of Article I, § 8 and the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitutional, and corresponding provisions of the Rhode Island Constitution, in one or more of the following respects:

a. the application of joint and several liability supplies no notice to these Defendants of the potential repercussions of their alleged conduct, and fails to limit the damages to the Town of West Warwick Defendants' respective culpability, thereby denying due process;

b. the application of joint and several liability amounts to the imposition of an unfair, unjust, and excessive fine and/or cruel and unusual punishment;

c. the application of joint and several liability discriminates against the Town of West Warwick Defendants in that their corporate status, wealth or net worth, with respect to the other defendants, is determinative of the amounts of any such damage awards, and different amounts may be award against different defendants regardless of their respective culpability based solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

d. the application of joint and several liability constitutes an impermissible burden on interstate commerce; and

e. the application of joint and several liability constitutes an impermissible taking of private property for private use."

**These Defendants demand trial by jury.**

Defendants,

Town of West Warwick,
Anthony Bettencourt, Denis Larocque,
and Stephen D. Murray,

By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer to Plaintiff's Adoption of the Third Amended Master Complaint was sent via electronic mail on this 17th day of March, 2006 to:

Andrew J. Trevelise, Esq. ........................atrevelise@reedsmith.com
Anthony F. DeMarco, Esq. .....................tdemarco@conversent.net
Anthony R. Leone, Esq. ...........................ricedolan@ricedolankershaw.com
Brian Cunha, Esq. ...................................brian@briancunha.com

C. Russell Bengtson, Esq. .......................rbengtson@ckmlaw.com
Charles Redihan .......................................credihan@KPRlaw.com
Chip Babcock, Esq. ..................................cbabcock@jw.com
Donald J. Maroney, Esq. ..........................dmaroney@kkrs.com
Edward Crane, Esq. ..................................ecrane@skadden.com
Edward T. Hinchey, Esq. .........................ehinchey@sloanewalsh.com
Edwin F. McPherson, Esq. .......................emcpherson@m-klaw.com
Esquire Litigation Services ......................stationfire@esquirecom.com
Eva Mancuso, Esq. ...................................emancuso@hwac.com
Fred A. Kelly, Jr., Esq.,
Steven M. Richard, Esq.,
Ian C. Ridlon, Esq., and
Kim M. Clarke, Esq. .....................StationFireLitigation@nixonpeabody.com
Georgia Sullivan, Esq. .............................Georgia.Sullivan@thehartford.com
George Wolf, Esq. ....................................gwolf@shb.com
Gerald C. DeMaria, Esq. ..........................gdemaria@hcc-law.com
Howard A. Merten, Esq. ..........................Hmerten.station@psh.com
Howard Julien (pro se) ............................sohohomes@yahoo.com
James A. Bigos, Esq. ................................jim@b-plaw.com
James A. Ruggieri, Esq. ...........................jruggieri@hcc-law.com
James H. Reilly, Esq. ...............................jreilly@kkrs.com
James J. Restivo, Jr., Esq. ........................jrestivo@reedsmith.com
James R. Lee, Esq. ..................................jlee@riag.ri.gov
James T. Murphy, Esq.,
Kelly N. Michels, Esq., and
Thomas R. Bender, Esq. ...............stationfire@hansoncurran.com
Jessica L. Margolis, Esq. ..........................mpotenza@debevoise.com
John R. Crockett III, Esq. .........................jcrockett@fbtlaw.com
John R. Mahoney, Esq. ...........................johnmahoney@amlawllp.cm
Joseph J. McGair, Esq. .............................jjm@petrarcamcgair.com
Joseph V. Cavanagh, Jr., Esq.
and Kristin E. Rodgers, Esq. .........stationfire@blishcavlaw.com
Lawrence J. Cappuccio, Esq. ...................l.cappuccio@worldnet.att.net
Mark Cahill, Esq. .....................................mcahill@choate.com
Mark C. Hadden, Esq. ..............................mhadden@mhaddenlaw.com
Mark P. Dolan, Esq. ................................ricedolank@aol.com
Mark S. Mandell, Esq. .............................msmandell@msn.com
Mark T. Nugent, Esq. ...............................mnugent@morrisonmahoney.com
Matthew F. Medeiros, Esq. .....................mfm@lmkbw.com
Max Wistow, Esq. ....................................wvenditti@wistbar.com
Patrick T. Jones, Esq. ...............................pjones@cmj-law.com
Paul Sullivan, Esq. ...................................pvsullivan@morrisonmahoney.com
Ralph J. Monaco, Esq. .............................rmonaco.c-l@snet.net
Richard W. MacAdams, Esq. ..................rmacadams@mandwlaw.com
Robert T. Norton, Esq. .............................rnorton@sloanewalsh.com
Robert Reardon, Esq. ...............................reardonlaw@aol.com

Ronald Langlois, Esq.
and Lauren D. Wilkins, Esq.........Stationfire@smithbrink.com
Russell Bramley, Esq.............................bramley@hbhlaw.net
Scott J. Tucker, Esq...............................stucker@ths-law.com
Stephanie DiMaio Larivee, Esq.............singinglawyer@msn.com
Stephen Breggia, Esq.............................sbreggia@bbglaw.us
Stephen P. Fogerty, Esq.........................fogerty@halloran-sage.com
Stephen J. MacGillivray, Esq..................smacgillivray@edwardsangell.com
Stephen M. Prignano, Esq.......................sprignano@edwardsangell.com
Steven Minicucci, Esq...........................sminicucci@calvinolaw.com
Susan S. Wettle, Esq..............................swettle@fbtlaw.com
T. Dos Urbanski, Esq.............................durbanski@melicklaw.com
Thomas C. Angelone, Esq. ....................angelonelaw@aol.com
Thomas W. Lyons, Esq. .........................tlyons@straussfactor.com
Timothy A. Williamson, Esq.
and Mark D. Tourgee, Esq...........aminchillo@itwlaw.com
W. Thomas McGough.............................tmcgough@reedsmith.com