UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEIL GONSALVES, as administrator of The Estate of MICHAEL GONSALVES, Plaintiff, | : | |
| vs. | : | CA 06-76L |
| JEFFREY DERDERIAN, et al., Defendants. | : | |

**MEMORANDUM AND ORDER**
**GRANTING IN PART**
**MOTION FOR EXTENSION OF TIME**

Before the Court is a motion to extend the time within which Plaintiff Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves ("Plaintiff") may effectuate service of process. See Plaintiff, Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves's Motion for an Extension of Time in Which to Effectuate Service of Process (Gray Document ("Doc.") #1102) ("Motion for Extension" or "Motion"). Plaintiff seeks to extend the time to serve thirty-six defendants.[1] See Plaintiff,

---

[1] The thirty-six Defendants are: Brian Butler, TVL Broadcasting of RI LLC, TVL Broadcasting, Inc., V.B. Gifford & Company, Inc., Celotex Corp., LIN Television Corp., LIN T.V. Corp., Luna Tech, Inc., ABC Bus, Inc., Superstar Services, LLC, Triton Realty Limited Partnership, Triton Realty, Inc., Raymond J. Villanova, McLaughlin & Moran, Inc., Barry H. Warner, Leggett & Platt, Inc., L&P Financial Services Co., General Foam Corp., GFC Foam, LLC, PMC, Inc., PMC Global, Inc., Town of West Warwick, Anthony Bettencourt, Dennis Larocque, JBL Incorporated, FFNC, Inc., William T. Burnett & Co., Inc., William T. Burnett Operating LLP, William T. Burnett Management, Inc., William T. Burnett & Co., Sealed Air Corp., Sealed Air Corp. U.S., Luna Tech Pyrotechnik GmbH, Luna Tech Euro GmbH, Underwriters at Lloyd's London, and Howard Julian. See Plaintiff, Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves's Supplement to his Motion for an Extension of Time in Which to Effectuate Service of Process (Gray Doc. #1116); see also Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves v. Jeffrey Derderian, et al., CA 06-76, Complaint (Gonsalves Doc. #2) at 1-2 (listing Defendants).

Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves's Supplement to his Motion for an Extension of Time in Which to Effectuate Service of Process (Gray Doc. #1116) ("Plaintiff's Supp.") at 1-2. The following objections to the Motion have been filed:

1) Defendants'[2] Objection to Motion to Modify Plaintiffs'[] Interim Scheduling Order[3] (Gray Doc. #1108);

2) Defendants Leggett & Platt, Incorporated and L&P Financial Services Company's Objection to Plaintiff Gonsalves'[] Motion to Extend Time in which to Serve Process (Gray Doc. #1126);

3) Objection of Defendant Celotex Corporation to Motion of Plaintiff Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves, to Extend Time in Which to Serve Process (Gray Doc. #1127);

4) Defendant McLaughlin & Moran, Inc.'s Objection to Plaintiff Neal [sic] Gonsalves' Motion to Extend Time in Which to Effect Service (Gray Doc. #1128); and

5) Defendants'[4] Objection to the Motion of Plaintiff Neil Gonsalves, as Administrator of the Estate of Micahel [sic] Gonsalves, to Extend the Time in Which to Serve Process (Gray Doc. #1129).

The Court refers collectively to the objections as "Objections"

---

[2] The Defendants filing this objection are Triton Realty Limited Partnership, Triton, Realty, Inc., and Raymond J. Villanova. See Defendants[] Objection to Motion to Modify Plaintiffs[] Interim Scheduling Order[] (Gray Doc. #1108).

[3] Notwithstanding its title, this objection is directed to the instant Motion.

[4] The Defendants filing this objection are General Foam Corporation, GFC Foam, LLC, PMC, Inc., and PMC Global, Inc. See Defendants[] Objection to the Motion of Plaintiff Neil Gonsalves, as Administrator of the Estate of Micahel [sic] Gonsalves, to Extend the Time in Which to Serve Process (Gray Doc. #1129).

and to the Defendants filing the Objections as "Objectors." This matter has been referred to me for determination. A hearing on the Motion was conducted on January 17, 2007.

**Discussion**

Plaintiff filed his Complaint and a notice of adoption of the Third Amended Master Complaint (Gray Doc. #695) ("TAMC") on February 17, 2006. See Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves v. Jeffrey Derderian, et al., CA 06-76L, Docket ("Gonsalves Docket"). The 120 day time limit prescribed by Fed. R. Civ. P. 4(m)[5] for Plaintiff to serve Defendants with a summons and a copy of the Complaint expired on June 19, 2006.[6] Plaintiff filed the instant Motion for Extension on November 16, 2006, almost five months after the 120 day period had expired. See Gray Docket. On November 21, 2006, the Court issued an order requiring Plaintiff to supplement the Motion with additional information within fourteen days. See Order for Supplementation (Gray Doc. #1107). In a subsequent order dated December 1, 2006, the Court gave any Defendant wishing to file a response or objection to the Motion until December 15, 2006, to do so. See Order Establishing Response Date (Gray Doc. #1113). Thereafter, the Court scheduled a hearing on the Motion for

---

[5] Fed. R. Civ. P. 4(m) provides in relevant part:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period ....

Fed. R. Civ. P. 4(m).

[6] The 120th day after February 17, 2006, is Saturday, June 17, 2006. Therefore, Plaintiff had until Monday, June 19, 2006, to serve Defendants. See Fed. R. Civ. P. 6(a).

January 17, 2007.

In assessing Plaintiff's delay in seeking relief, the Court focuses primarily on the period prior to November 16, 2006. The time since that date is primarily attributable to the Court's desire to proceed in a careful manner relative to the Motion and to give Defendants the opportunity to object.

A court when presented with a motion to extend time for service pursuant to Fed. R. Civ. P. 4(m) should first determine whether good cause exists for an extension of time. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996); Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1305 (3rd Cir. 1995). "If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli, 46 F.3d at 1305; see also Henderson v. United States, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 1643 (1996)(noting that the 1993 amendments to the Rules accorded courts "discretion to enlarge the 120-day period 'even if there is no good cause shown'")(quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005)("[A] majority of the other circuits that have considered the effect of the 1993 amendment to Rule 4 have held that the 1993 amendment permits a district court to exercise discretion under Rule 4 to extend the time for service of process, even where the plaintiff has not shown good cause for his failure.")(citing cases); Panaras, 94 F.3d at 340-41 (citing Henderson); Brooks v. Union Pacific R.R., No. 05 C 4982, 2006 U.S. Dist. LEXIS 76056, at *5 (N.D. Ill. Oct. 2, 2006)("Even when the plaintiff has not demonstrated good cause, the court may, in its discretion, either extend the time for service of process or dismiss the action without prejudice.")

(citing Panaras, 94 F.3d at 340); Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999)("[A] district court may 'relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown.'")(quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993))(second alteration in original).

Determination of the instant Motion is simplified as counsel for Plaintiff stated at the hearing that he was not seeking relief under the "good cause" provision of Rule 4(m), but, rather, was requesting that the Court exercise its discretion to grant relief even without a showing of good cause. See Tape of 1/17/07 Hearing. Counsel appears to have correctly anticipated that the Court is unable to find good cause based on this record. Plaintiff apparently made no effort to serve any of the thirty-six Defendants as to whom he seeks an extension within the 120 days required by Rule 4(m). See Order for Supplementation (Gray Doc. #1107)(requiring Plaintiff to "set[] forth the efforts ... made to effectuate service on each such Defendant within the time prescribed by Fed. R. Civ. P. 4(m) and/or an explanation why such Defendant was not served within such time"); Plaintiff's Supp. at 2 (identifying no such efforts and providing no explanation for the failure other than the statement that "this is an extraordinarily complex case from a substantive standpoint, and is likewise extraordinarily complicated from a procedural standpoint"). It was not until September, more than two months after the 120 day period had run, that Plaintiff first contacted the Defendants in question by mail and requested that they waive service of process. See Tape of 1/17/07 Hearing; Plaintiff's Supp. at 2. Plaintiff additionally has not disputed Objectors' claims that effectuating timely service on them presented no particular difficulty.

Having determined that Plaintiff has not shown good cause,

his request for an enlargement of time pursuant to Fed. R. Civ. P. 6(b)[7] must be denied because relief under that provision would require that the Court find that "the failure to act was the result of excusable neglect ...," Fed. R. Civ. P. 6(b), and "excusable neglect" has been equated with the "good cause" finding required by Rule 4(m), see Petrucelli, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)("[T]here would seem to be no practical difference between good cause for not serving process and failure to serve process through excusable neglect."); see also MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3rd Cir. 1995)("We have equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'")(quoting Petrucelli, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part); Brown v. Pena, No. CIV. A. 96-382 MMS, 1997 WL 235134, at *3 (D. Del. Apr. 11, 1997)(same).

The Court now considers whether Plaintiff should be granted discretionary relief pursuant to Rule 4(m). To the extent that any of the Objectors contend that Plaintiff is precluded from seeking relief because the instant Motion was not filed prior to the expiration of the 120 day period prescribed by Rule 4(m), the Court finds such argument unpersuasive. This limitation does not exist in the Rule. See Fed. R. Civ. P. 4(m); see also Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m)

---

[7] The Motion states that Plaintiff is moving pursuant to "Federal Rule of Civil Procedure 4M and 6D ...." Motion. However, the latter reference appears to have been a typographical error as enlargement of time is addressed in Rule 6(b).

explicitly permits a district court to grant an extension of time *after* that 120-period."); Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1307 (3rd Cir. 1995)(stating in case where motion for extension of 120-day limit was made several months after expiration of time period that district court "is not prohibited from extending time for service"). But see McIsaac v. Ford, 193 F.Supp.2d 382, 384 (D. Mass. 2002)("I am of the view that this exceptional relief is appropriate only in circumstances where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can shown confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others."); cf. Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999) ("Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120-day period."). To the extent that the length of delay after the expiration of the 120 period is relevant to the Court's decision whether to exercise its discretion, that delay is, as previously noted, see Discussion supra at 3-4, approximately five months (from June 18, 2006, to November 16, 2006).

Among the factors which courts have frequently considered relative to exercising discretion under Rule 4(m) are: 1) whether the statute of limitations would bar the refiling of the action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant evaded service or concealed a defect in attempted service; and 4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision. See In re Dyer, 330 B.R. 271, 278 (M.D. Fla. 2005); Eastern Refractories Co., 187 F.R.D. at 506; see also Horenkamp v. Van Winkle & Co., 402 F.3d 1129,

1132-33 (11th Cir. 2005). Additional factors which some courts have considered include whether the plaintiff's complaint is frivolous, Bey v. Daimler Chrysler Servs. of N. America, LLC, Civil No. 04-6186 (RBK), 2006 U.S. Dist. LEXIS 32879, at *29 (D.N.J. May 15, 2006); Ritter v. Cooper, No. Civ.A. 02-1435 GMS, 2003 WL 23112306, at *3 (D. Del. Dec. 30, 2003); E.I. Du Pont De Nemours v. New Press, Inc., No. CIV. A. 97-6267, 1998 WL 355522, at *4 (E.D. Pa. June 29, 1998), the need in particular circumstances to advance considerations of compensation and deterrence, id., whether service was required to be made on multiple defendants, Sene v. MBNA America, Inc., 2005 WL 2304181, at *3 n.1 (D. Del. Sept. 20, 2005); cf. Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995)("[W]e believe that this amendment clearly evinces a solicitous attitude towards plaintiffs faced with 'the complex requirements of multiple service' under Rule 4(i)."), and the diligence with which the plaintiff attempted to effectuate timely service, see Bell v. City of Chicago, No. 03 C 2117, 2004 U.S. Dist. LEXIS, at *6-7 (N.D. Ill. Dec. 20, 2004)(declining to exercise discretion because, inter alia, plaintiff had not demonstrated even basic efforts to comply with rule); cf. McIsaac v. Ford, 193 F.Supp.2d at 384 (stating that in deciding whether to exercise discretion the existence or nonexistence of good cause is not to be ignored).[8]

Taking these factors in order, it is clear that the statute of limitations would bar the refiling of the instant action. Plaintiff's Complaint was filed on February 17, 2006, just prior to the running of the statute (assuming that the statute was not

---

[8] The Ninth Circuit has found it "unnecessary ... to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," In re Sheehan, 253 F.3rd 507, 513 (9th Cir. 2001), noting "only that, under terms of the rule, the court's discretion is broad," id.

otherwise tolled). While the running of the statute of limitations does not require that a district court extend the time for service of process, see Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Petrucelli v. Bohringer & Ratzinger, GmbH, 43 F.3d 1298, 1306 (3rd Cir. 1995), this circumstance is specifically identified in the Advisory Notes to the Rule as a basis on which relief "may be justified ...," Fed. R. Civ. P. 4(m) advisory committee's note (1993).

In determining the weight to be assigned to this factor, some courts have attached significance to the length of the statute of limitations at issue and the diligence of the lawyer in getting the suit going. See Panaras, 94 F.3d at 341 (stating that "[w]hen, as here, a lawyer has not waited until the end of a more generous statute of limitations before getting a suit going ... the fact that the suit cannot be resolved on the merits is a factor that must be given close attention"); Torrespico v. Columbia College, No. 97 C 8881, 1998 WL 703450, at *11 (N.D. Ill. 1998)(citing Panaras). Here the applicable statute of limitations is a relatively generous three years, although this consideration is offset at least partially by the complexity of the case, in terms of both the causes of action and the number of defendants, see Memorandum and Order Granting in Part Amended Motion for Particularized Need Discovery (Gray Doc. #536) at 19 (noting the expiration of the statute of limitations "in a little more than seven months" and the "need to identify other potential defendants"). Plaintiff's counsel's seemingly imprudent decision to delay filing suit until the limitations period had almost run is mitigated somewhat by the fact that there was reason to believe that all potential defendants might not be identified until near the end of the limitations period, see id., and that waiting until then might alleviate the need to file an amended

complaint. It is also true, as Plaintiff's counsel noted at the January 17, 2007, hearing, that the Court encouraged plaintiffs to adopt a master complaint in this action, and that the TAMC (Gray Doc. #695) was not filed until February 15, 2006. Thus, Plaintiff's apparent decision to delay filing suit until the latter document was filed is not totally inexplicable, although it clearly was unwise and carried risks. Balancing these considerations, the Court finds that the fact that the statute of limitations has run weighs in favor of the exercise of discretion, although not as heavily as it would had Plaintiff's counsel acted with greater dispatch.

The next factor to be considered is whether Defendants had actual notice of Plaintiff's claims. No Objectors have argued that they were unaware of Plaintiff's claims. This is not surprising because Plaintiff's Complaint is essentially identical to the TAMC, and virtually all Defendants received a copy (and probably multiple copies) of the TAMC within the 120 day period.[9] See Gray Docket; see also United States v. McLaughlin, 470 F.3d 698, 701 (7th Cir. 2006)(affirming district court's exercise of discretion in extending time for service where complaint was not served until 271 days after it had been filed but Defendant had received a copy within the 120 day period). In fact, seven of the thirty-six Defendants as to whom Plaintiff seeks an extension filed an answer to Plaintiff's adoption of the TAMC even though they had not been formally served with it or waived such service.[10] The Court gave notice to all Defendants of the instant Motion and of their opportunity to file an objection to

---

[9] The Gray docket does not reflect that Luna Tech Pyrotechnik GmbH and Luna Tech Euro GmbH were served with the TAMC. See Gray Docket.

[10] The seven are Howard Julian, Dennis Larocque, Anthony Bettencourt, Town of West Warwick, JBL, Inc., ABC Bus, Inc., and Superstar Services, LLC. See Gonsalves Docket.

it. See Order Establishing Response Date (Gray Doc. #1113). Given this fact, it is reasonable to assume that any Defendant who did not have notice of Plaintiff's claims would have filed an objection to the Motion and raised this argument. No Defendant has done so. By the time the TAMC was filed all Defendants were well aware that there was a large group of plaintiffs asserting essentially identical claims. Even if a Defendant may not have had notice of Plaintiff's individual claim, the significance of this fact diminishes in a case where there are approximately three hundred plaintiffs whose claims are based on essentially the same facts. Thus, the Court concludes that Defendants had notice of Plaintiff's claims and that this circumstance weighs in favor of the exercise of discretion.

Plaintiff has not disputed Objectors' arguments that they did not evade service or conceal a defect in attempted service. Plaintiff has also not suggested that this circumstance applies to any other Defendants as to whom he seeks an extension of time. Accordingly, this factor weighs against Plaintiff's request for discretionary relief.

As to whether Defendants will be prejudiced, "prejudice has been defined in the context of service as 'involv[ing] impairment of defendant's ability to defend on the merits, rather than foregoing ... a procedural or technical advantage.'" Thompson v. Sears, Roebuck & Co., No. Civ.A. 04-5342, 2006 WL 573796, at *3 (E.D. Pa. Mar. 3, 2006)(quoting Boley v. Kaymark, 123 F.3d 756, 759 (3rd Cir. 1997)(quoting Nat'l Union Fire Ins. Co. v. Barney Assocs., 130 F.R.D. 291, 294 (S.D.N.Y. 1990)))(alterations in original); see also Boley, 123 F.3d at 759 ("We conclude that while the running of the statute of limitations is a factor supporting the discretionary *granting* of an extension of time to make service under Rule 4(m), it is not a factor that standing alone supports a finding of prejudice to the defendant."). No

Objectors have argued that they will be prejudiced in this sense by the granting of the instant Motion. Indeed, the Court can see no prejudice to any Defendants in this regard.

Some Objectors argue that granting the Motion will delay the litigation. See, e.g., Defendants'[] Memorandum of Law in Support of Their Objection to the Motion of Plaintiff Neil Gonsalves, as Administrator of the Estate of Micahel [sic] Gonsalves, to Extend the Time in which to Serve Process (Gray Doc. #1129) at 12. They note that the "Court has adjudicated numerous defendants' motions in response to the Third Amended Master Complaint filed or adopted by the plaintiffs to this litigation." Id. The apparent implication is that allowing this late service could trigger another round of motions to dismiss and that this would delay the case. However, the rulings on the motions which have been made to date are the law of the case. Any similar motions which might be filed if the time to serve the thirty-six Defendants is extended could be disposed of relatively quickly simply by adopting the prior rulings. This litigation is still in its preliminary stages and wholesale discovery has yet to commence. The Court is unpersuaded that significant delay will result from granting the Motion or that Defendants will be prejudiced.

Plaintiff's Complaint cannot be considered frivolous.[11] It is based on a death attributable to the fire. See Gonsalves Complaint (Gonsalves Doc. #2) ¶1 (stating that Plaintiff's

---

[11] While it is possible that the connection of some Defendants to the Station Fire disaster is so remote and attenuated that the claims against them may ultimately be deemed frivolous, at this stage of the proceedings it is neither feasible nor practical for the Court to undertake an analysis of Plaintiff's claims relative to each of the thirty-six individual Defendants. It is sufficient for present purposes that on the face of the Complaint Plaintiff's claim appears to have both a legal and factual basis.

deceased died from injuries sustained in the fire);[12] see also TAMC.

As for the need to advance considerations of compensation and deterrence, these considerations point in opposite directions. Without question, compensation in a death case is an important consideration, and the decision to withhold relief would doubtless result in hardship for Plaintiff. It will also likely generate feelings of unfairness and bitterness as Plaintiff observes the cases of other victims of the fire proceed while he is excluded from participating in the litigation. At the same time, parties and attorneys should be deterred from failing to adhere to the requirements of Rule 4(m), especially in cases where the attorney does not contend that there is good cause for his failure to comply. If an exception is made in every case where there is hardship, the Rule will cease to have any effect.

The fact that service was required to be made on a large number of Defendants weighs in favor of granting the Motion. Plaintiff's Complaint (Gonsalves Doc. #2) identifies some seventy-five different individuals or entities as Defendants.[13]

---

[12] Paragraph 2 of Plaintiff's Complaint (Gonsalves Doc. #2) has an obvious error in that it states that "Derek Gray [not Michael Gonsalves, Plaintiff's son] was lawfully on the premises of the Station nightclub ... on February 20, 2003, and died from injuries sustained in the fire." Id. However, it is apparent from the context that the intended reference is to Michael Gonsalves. The error likely stemmed from Plaintiff's counsel's attempt to mirror the language of the Third Amended Master Complaint (Gray Doc. #695) ("TAMC").

[13] The Gonsalves Complaint (Gonsalves Doc. #2) enumerates ninety-seven defendants, but Defendants D48 through D58 are identified as:

> "John Doe" defendants (being unknown defendants who manufactured, distributed, sold or installed non-flame-retardant foam or other defective products in use at The Station nightclub on February 20, 2003, who inspected the premises after installation of the foam but prior to February 20, 2003, who promoted, managed and produced the appearance of

While serving no one of them posed any particular difficulty, the task of serving all seventy-five is still a substantial undertaking requiring considerable time and effort. The weight of this factor, however, is diminished by the fact that other Plaintiffs managed to effectuate timely service on all the Defendants within the time constraints of the Rule (or sought and obtained extensions of the time for doing so).

The final factor is the diligence with which Plaintiff attempted to effectuate timely service. The docket indicates that within the 120 day period Plaintiff's counsel effectuated timely service (by waiver) on only nine Defendants. At the hearing, Plaintiff's counsel stated that he obtained service on an additional thirteen Defendants in September of 2006 (again by waiver).[14] See Tape of 1/17/07 Hearing. Even allowing for the difficulty posed in serving a large number of Defendants, Plaintiff's efforts to achieve timely service were not diligent.

Of the foregoing factors, six weigh in favor of exercising discretion. In order of importance, as the Court assesses them, they are: 1) that the statute of limitations has run, 2) that Defendants will not be prejudiced, 3) that Defendants had notice of Plaintiff's claim (or, at the very least, of the claims of a large group of similarly situated Plaintiffs), 4) that Plaintiff's Complaint is not frivolous, 5) that there is a need for compensation, and 6) that service was required on a large number of Defendants. Weighing against the exercise of

---

> Great White at The Station nightclub on February 20, 2003, or who received property from Triton Realty-related persons or entities with intent to hinder, delay or default Plaintiffs)[..]

Gonsalves Complaint (Gonsalves Doc. #2).

[14] The docket does not reflect the filing of any waivers of service which were obtained in September of 2006.

discretion, again in the order of importance as assessed by the Court, are: 1) Plaintiff's lack of diligence in attempting to obtain service, 2) the need to deter disregard for the requirements of the Rule, and 3) the fact that the thirty-six Defendants did not evade service or conceal a defect in attempted service. That numerically more factors favor the exercise of discretion is not determinative of the issue. As noted above, the weight of some of the factors favoring the exercise of discretion is diminished. At the same time, the three negative factors, especially Plaintiff's lack of diligence, weigh substantially against the exercise of discretion.

Bearing in mind the unique circumstances of this case, the Court concludes that when all of the factors are weighed together, they favor the exercise of discretion, albeit just barely. See United States v. McLaughlin, 470 F.3d 698, 701 (7th Cir. 2006)("When a delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion."); see also Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005)(holding district court did not abuse discretion in granting extension where defendant had notice of the suit and plaintiff's claim would otherwise be foreclosed because of the statute of limitations); Mann v. American Airlines, 324 F.3d 1088, 1091 (9th Cir. 2003)(finding district court's action in extending the 120-day service of process period to be "a decision perfectly within its discretion" where the extension was not prejudicial to defendant); In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)(noting "that under the terms of the rule, the court's discretion is broad"). Accordingly, for the reasons stated above the Motion is granted to the extent that Plaintiff shall be permitted to effectuate service upon the thirty-six Defendants

identified herein within forty-five days (45) of the date of this Order.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
January 26, 2007

BY ORDER:

Deputy Clerk