# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEIL GONSALVES, AS ADMINISTRATOR OF THE ESTATE OF MICHAEL GONSALVES,<br>Plaintiff<br><br>v.<br><br>JEFFREY DERDERIAN, ET AL.,<br>Defendants | C.A. No. 06-76 |

**DEFENDANT, MCLAUGHLIN & MORAN, INC.'S, ANSWER TO COMPLAINT OF NEIL GONSALVES**

The Defendant, McLaughlin & Moran, Inc. ("McLaughlin & Moran"), responds to the allegations of the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Answering the allegations of the paragraph captioned "Introduction," Defendant McLaughlin & Moran states that it is prefatory language for which no response is required. To the extent that a response is required, McLaughlin & Moran lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Defendant McLaughlin & Moran lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

3. Answering the allegations contained in paragraphs 2-266, Defendant McLaughlin & Moran states that the aforementioned paragraphs contain language for which no response is required. To the extent that a response is required, McLaughlin & Moran lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

4. Defendant McLaughlin & Moran lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 271.

5. Answering the allegations of paragraphs 272-279; 284-286; 291-293; 298-299; 304-307; 312-315; 320-323; 328-331; 335-339; 344-347; 352-355; 360-363; 368-371; 376-384; 411-425; 434-436; 441-444; 447-450; 453-456; 459-464; 652-659; 666-675; 680-683; 688-691; Count I (¶¶ 280-81); Count II (¶¶ 282-283); Count III (¶¶ 287-288); Count IV (¶¶ 289-290); Count V (¶¶ 294-295); Count VI (¶¶ 296-297); Count VII (¶¶ 300-301); Count VIII (¶¶ 302-303); Count IX (¶¶ 308-309); Count X (¶¶ 310-311); Count XI (¶¶ 316-317); Count XII (¶¶ 318-319); Count XIII (¶¶ 324-325); Count XIV (¶¶ 326-327); Count XV (¶¶ 332-333); Count XVI (¶ 334); Count XVII (¶¶ 340-341); Count XVIII (¶¶ 342-343); Count XIX (¶¶ 348-349); Count XX (¶¶ 350-351); Count XXI (¶¶ 356-357); Count XXII (¶¶ 358-359); Count XXIII (¶¶ 364-365); Count XXIV (¶¶ 366-367); Count XXV (¶¶ 372-373); Count XXVI (¶¶ 374-375); Count XXVII (¶¶ 385-386); Count XXXI (¶¶ 426-427); Count XXXII (¶¶ 428-429); Count XXXIII (¶¶ 430-431); Count XXXIV (¶¶ 432-433); Count XXXV (¶¶ 437-438); Count XXXVI (¶¶ 439-440); Count XXXVII (¶¶ 445-446); Count XXXVIII (¶¶ 451-452); Count XXXIX (¶¶ 457-458); Count XL (¶¶ 465-466); Count XLI (¶¶ 467-468); Count XLII (¶¶ 469-472); Count XLIII (¶¶ 473-477); Count XLIV (¶¶ 478-480); Count XLV (¶¶ 481-484); Count XLVI (¶¶ 485-489); Count XLVII (¶¶ 490-492); Count XLVIII (¶¶ 493-498); Count XLIX (¶¶ 499-503); Count L (¶¶ 504-506); Count LI (¶¶ 507-511); Count LII (¶¶ 512-532); Count LIII (¶¶ 533-535); Count LIV (¶¶ 536-539); Count LV (¶¶ 540-560); Count LVI (¶¶ 561-563); Count LVII (¶¶ 564-567); Count LVIII (¶¶ 568-588); Count LIX (¶¶ 589-591); Count LX (¶¶ 592-596); Count LXI (¶¶ 597-617); Count LXII (¶¶ 618-620);

Count LXIII (¶¶ 621-622); Count LXIV (¶¶ 623-625); Count LXV (¶¶ 626-628); Count LXVI (¶¶ 629-631); Count LXVII (¶¶ 632-634); Count LXVIII (¶¶ 635-643); and Count LXIX (¶¶ 644-648); Count LXX (¶¶ 649-651); Count LXXI (¶¶ 660-661); Count LXXII (¶¶ 662-663); Count LXXIII (¶¶ 664-665); Count LXXIV (¶¶ 676-677); Count LXXV (¶¶ 678-679); Count LXXVI (¶¶ 684-685); Count LXXVII (¶¶ 686-687); Count LXXVIII (¶¶ 692-693); Count LXXIX (¶¶ 694-695); Count LXXX (¶¶ 696-701); Count LXXXI (¶¶ 702-706); Count LXXXII (¶¶ 707-712); Count LXXXIII (¶¶ 713-718); Count LXXXIV (¶¶ 719-724); Count LXXXV (¶¶ 725-730); Count LXXXVI (¶¶ 731-734); Count LXXXVII (¶¶ 735-740); Count LXXXVIII (¶¶ 741-744); Count LXXXIX (¶¶ 745-749); Count XC (¶¶ 750-752); Count XCI (¶¶ 753-757); Count XCII (¶¶ 758-762); Count XCIII (¶¶ 763-765); Count XCIV (¶¶ 766-771); Count XCV (¶¶ 772-777); Count XCVI (¶¶ 778-781); Count XCVII (¶¶ 782-805); Count XCVIII (¶¶ 806-807); Count XCIX (¶¶ 808-810); Count C (¶¶ 811-815); Count CI (¶¶ 816-817); Count CII (¶¶ 818-820); Count CIII (¶¶ 821-823); Count CIV (¶¶ 824-826); Count CV (¶¶ 827-829); Count CVI (¶¶ 830-832); Count CVII (¶¶ 833-836); Count CVIII (¶¶ 837-839); Count CIX (¶¶ 840-844); Count CX (¶¶ 845-850); Count CXI (¶¶ 851-854); Count CXII (¶¶ 855-858); Count CXIII (¶¶ 859-862); Count CXIV (¶¶ 863-866); Count CXV (¶¶ 867-870); Count CXVI (¶¶ 871-891); Count CXVII (¶¶ 892-894); Count CXVIII (¶¶ 895-897); Count CXIX (¶¶ 898-918); Count CXX (¶¶ 919-921); Count CXXI (¶¶ 922-925); Count CXXII (¶¶ 926-946); Count CXXIII (¶¶ 947-949); Count CXXIV (¶¶ 950-953); Count CXXV (¶¶ 954-974); Count CXXVI (¶¶ 975-977); Count CXXVII (¶¶ 978-1005); Count CXXVIII (¶¶ 1006-1007); Count CXXIX (¶¶ 1008-1010); Count CXXX (¶¶ 1011-1015); Count CXXXI (¶¶ 1016-1020); Count CXXXII (¶¶ 1021-1023); Count CXXXIII (¶¶ 1024-1029), Defendant McLaughlin & Moran avers that these paragraphs refer to defendants other than McLaughlin & Moran for which no answer or response is required of this defendant.

To the extent an answer is required, McLaughlin & Moran lacks knowledge or information sufficient to form a belief as to the truth of the allegations of those paragraphs. To the extent any of these paragraphs incorporate other paragraphs to which McLaughlin & Moran has separately or specifically replied, McLaughlin & Moran incorporates its responses to those paragraphs herein.

6. Answering the allegations of paragraphs 395-402; 405-408; Count XXIX (paragraphs 403-404); Count XXX (paragraphs 409-410) of the Complaint, Defendant McLaughlin & Moran states that said paragraphs contain language for which no response is required. To the extent that a response is required, McLaughlin & Moran lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

7. Answering the allegations of paragraph 387 of the Complaint, Defendant McLaughlin & Moran admits it is a Rhode Island corporation with a principal place of business in Cranston, County of Providence, Rhode Island and at all relevant times McLaughlin & Moran was the wholesaler for Anheuser-Busch products in Rhode Island; and avers that the remaining allegations of this paragraph are legal conclusions for which no response is required; and states further that if an answer is deemed required, McLaughlin & Moran denies the remaining allegations of this paragraph.

8. Answering the allegations of paragraph 388 of the Complaint, McLaughlin & Moran admits that it advertised and conducted a beer promotion to run concurrently with The Station’s presentation of Great White on February 20, 2003, and denies any and all remaining allegations of this paragraph.

9. Defendant McLaughlin & Moran denies the allegations of paragraphs 389-392 of the Complaint.

10. Answering the allegations of paragraph 393 of the Complaint, Defendant McLaughlin & Moran repeats and realleges its responses to paragraphs 1 through 392 as if set forth fully herein.

11. Answering the allegations of paragraph 394 of the Complaint, Defendant McLaughlin & Moran states that it sets forth conclusions of law for which no response is required. To the extent that a response is required, Defendant McLaughlin & Moran denies the allegations of this paragraph.

**SECOND DEFENSE**

Plaintiffs have failed to state a claim upon which relief may be granted against Defendant McLaughlin & Moran.

**THIRD DEFENSE**

Defendant McLaughlin & Moran owed no legal duty to the Plaintiffs.

**FOURTH DEFENSE**

Plaintiffs' purported injuries were directly and/or proximately caused in whole or in part by the negligent, criminal or otherwise improper conduct of other third parties over whom McLaughlin & Moran exercised no control and for whom McLaughlin & Moran is not legally responsible.

**FIFTH DEFENSE**

If McLaughlin & Moran is found liable to Plaintiffs, then it is entitled to a set-off for all settlements/benefits received by Plaintiffs.

**SIXTH DEFENSE**

The injuries or damages purportedly sustained by Plaintiffs are the result of intervening and/or supervening acts of a person or entity over whom McLaughlin & Moran exercised no control and for whom McLaughlin & Moran is not legally responsible.

**SEVENTH DEFENSE**

Under the laws applicable to this case and to the extent claimed by Plaintiffs, no punitive damages can be recovered by Plaintiffs as punitive damages are appropriate only when there is proof that the acts complained of were done with malice and bad faith, and with the intent to cause harm.

**EIGHTH DEFENSE**

To the extent that Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable state statutes to the extent that, among other things: (1) McLaughlin & Moran's liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than McLaughlin & Moran's alleged conduct in connection with the transaction at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating Plaintiffs for elements of damages not otherwise recognizable by applicable state law.

**NINTH DEFENSE**

To the extent Plaintiffs seek to impose punitive or exemplary damages, Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full

Faith Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Rhode Island. Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide the discretion used in determining whether to award punitive damages; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages in any amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (4) unconstitutionally may permit consideration of net worth or other financial information; (5) does not expressly prohibit awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the corporate status of McLaughlin & Moran; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of any punitive damages award; and (8) otherwise fails to satisfy Supreme Court precedent.

WHEREFORE, the Defendant, McLaughlin & Moran, Inc., respectfully requests that:

A. The Plaintiffs' Complaint be dismissed with prejudice as to it;

B. Plaintiffs' demands for relief against it be denied in ever respect; and

The Court grant such other and further relief as may be just, proper and equitable.

MCLAUGHLIN & MORAN

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/_Howard A. Merten___________

Howard A. Merten (#3171)
Melissa E. Darigan (#4792)
Michael J. Murray (#6404)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on FEBRUARY 26, 2007, a copy of the foregoing DEFENDANT, MCLAUGHLIN & MORAN, INC.'S, ANSWER TO COMPLAINT OF NEIL GONSALVES was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's cm/ecf system.

| | |
|---|---|
| Stephen E. Breggia, Esq. | sbreggia@bbglaw.com |
| Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| Joseph B. Burns, Esq. | jburns@rms-law.com |
| Mark D. Cahill, Esq. | mcahill@choate.com |
| Eric Bradford Hermanson, Esq. | stationfire@blishcavlaw.com |
| Joseph V. Cavanaugh, Jr., Esq. | stationfire@blishcavlaw.com |
| Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Edward M. Crane, Esq. | ecrane@skadden.com |
| Deborah Solmor, Esq. | dsolmor@skadden.com |
| Brian Cunha, Esq. | Brian@Briancunha.com |
| Karen A. Alegria, Esq. | Karen@Briancunha.com |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Mark T. Reynolds, Esq. | mtreynolds@conversent.net |
| Marc DeSisto, Esq. | stationfire@desistolaw.com |
| Robert Norton | rnorton@sloanewalsh.com |
| | ehinchey@sloanewalsh.com |
| Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| T. Dos Urbanski, Esq. | StationLitigation@melicklaw.com |
| Allen J. McCarthy, Esq. | StationLitigation@melicklaw.com |

| | |
|---|---|
| Michael J. Mazurczak, Esq. | StationLitigation@melicklaw.com |
| Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Mark Hadden, Esq. | mhadden@mhaddenlaw.com |
| Carl A. Henlein, Esq. | chenlein@fbtlaw.com |
| John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| Edward T. Hinchey, Esq. | EHinchey@sloanewalsh.com |
| Daniel Horgan, Esq. | Horganlaw@snet.net |
| Patrick T. Jones, Esq. | pjones@cmj-law.com |
| Peter Schneider, Esq. | pschneider@cmj-law.com |
| Howard Julian | sohohomes@yahoo.com |
| Bruce P. Keller, Esq. | bkeller@debevois.com |
| Fred A. Kelly, Jr., Esq. | StationFireLitigation@nixonpeabody.com |
| Ian Ridlon, Esq. | StationFireLitigation@nixonpeabody.com |
| Joseph Krowski, Esq. | Josephkrowski.law@verizon.net |
| Donna M. Lamontagne, Esq. | Dlamontagne@zizikpowers.com |
| Ronald Langlois, Esq. | rlanglois@smithbrink.com |
| Lauren D. Wilkins, Esq. | lwilkins@smithbrink.com |
| Faith LaSalle, Esq. | flasalle@lasallelaw.com |
| James R. Lee, Esq. | jlee@riag.ri.gov |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| Mark S. Mandell, Esq. | msmandell@msn.com |
| W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| Joseph J. McGair, Esq. | jjm@petrarcamcgair.com |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Howard A. Merten, Esq. | Hmerten.station@psh.com |
| Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| James T. Murphy, Esq. | jtm@hansoncurran.com |
| Kelly N. Michels, Esq. | knm@hansoncurran.com |
| John J. Nazzaro, Esq. | nazzjn@aol.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| J. Renn Olenn, Esq. | KBH@olenn-penza.com |
| Mark K. Ostrowski, Esq. | mostrowski@goodwin.com |
| Michael Potenza, Esq. | mpotenza@debevoise.com |
| Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |
| Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| Robert I. Reardon, Esq. | reardonlaw@aol.com |
| Robert I. Rimmer, Esq. | reardonlaw@aol.com |
| Charles N. Redihan, Jr., Esq. | credihan@prlaw.com |

| | |
|---|---|
| James H. Reilly, III, Esq. | jreilly@kkkrs.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| Michael A. St. Pierre, Esq. | mikesp@rrsplaw.com |
| Georgia Sullivan | georgia.sullivan@thehartford.com |
| Mark D. Tourgee, Esq. | inmantourgeelaw@aol.com |
| Timothy A. Williamson, Esq. | inmantourgeelaw@aol.com |
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| Earl H. Walker, Esq. | ewalker@jw.com |
| Charles Babcock, Esq. | cbabcock@jw.com |
| Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| George E. Wolf, III, Esq. | gwolf@shb.com |
| Ann Songer, Esq. | asonger@shb.com |
| Barbara Gilfillan | barbara_gilfillan@rid.uscourts.gov |

And by first-class mail to the following:

Howard Julian
570 Shermantown
Saunderstown, RI 02874

Howard J. Julian
7 Columbia Lane
Jamestown, RI 02835-1813

Allen J. McCarthy, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02110-1775

John F. Murphy, Esq.
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

/s/ Howard A. Merten