AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Ruggieri, Esquire, acknowledge receipt of y ur request

that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl nt in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection o the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 20 7, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

Feb. 27, 2007
Date

[signature]
Signature

James A. Ruggieri, Esquire
Printed/Typed Name

GFC Foam, LLC
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi g costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actio and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rel ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th ction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wi the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Ruggieri, Esquire, acknowledge receipt of y r request

that I waive service of summons in the action of Neil Gonsalves, as Administ itor of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIS ICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume , and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl it in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the r nner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons r in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I m acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 200 , or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

Feb. 27, 2007
Date

[signature]
Signature

James A. Ruggieri, Esquire
Printed/Typed Name

General Foam Corp.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savin costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action nd asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of ich service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unf nded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the ac on or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relat g to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the tion has been brought.

A defendant who waives service must within the time specified on the waiver form serve on t plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with e Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waivi service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver o ervice was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Ruggieri, Esquire, acknowledge receipt of your re est

that I waive service of summons in the action of Neil Gonsalves, as Administrato of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DISTRIC COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, an a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint i his lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the mann provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to tl lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or i the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am cting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 2007 or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

Feb. 27, 2007
Date

[signature]
Signature

James A. Ruggieri, Esquire
Printed/Typed Name

PMC, Global, Inc.
For Defendant

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving sts of service of the summons and complaint. A defendant located in the United States who after being notified of an action ar asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of su service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfou ed or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the actic or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relatin to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the ac on has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the laintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with tl Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving ervice, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of rvice was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Ruggieri, Esquire, acknowledge receipt of yo request that I waive service of summons in the action of Neil Gonsalves, as Administr tor of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIST ICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrumer and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compla t in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the n nner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I m acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 200 , or within 90 days
(Date Request Was Sent)
after that date if the request was sent outside the United States.

Feb. 27, 2007
Date

[signature]
Signature

James A. Ruggieri, Esquire
Printed/Typed Name

PMC, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action nd asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o uch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unf unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rela ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the ction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on t plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wit he Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waivi g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, C. Russell Bengtson, Esquire, acknowledge receipt of y ır request that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl nt in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections o the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 20( 7, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

2/2/07
Date

[signature]
Signature

C. Russell Bengtson, Esquire
Printed/Typed Name

JBL, Incorporated
For Defendant

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi ; costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actio ınd asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o ıch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rela ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the ction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wit the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver 'service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, T. Dos Urbanski, Esquire, acknowledge receipt of y ur request that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrum t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the comp int in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behal am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 20 7, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

2/7/07
Date

[signature]
Signature

T. Dos Urbanski
Printed/Typed Name

ABC Bus, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in sav g costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actio and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the tion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rel ing to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wi the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver f service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, T. Dos Urbanski, Esquire, acknowledge receipt of ur request

that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrum t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the comp int in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 200 , or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

2/7/07
Date

[signature]
Signature

T. Dos Urbanski, Esquire
Printed/Typed Name

Superstar Services, LLC
For Defendant

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi ; costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actio and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o uch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rela ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th iction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wit the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver service was received. ..

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Bennett R. Gallo , acknowledge receipt c your request that I waive service of summons in the action of Neil Gonsalves, as Admini trator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES I STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ıent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the coı plaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in e manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objecti ns to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ ns or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose bel lf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19 2006, or within 90 days
(Date Request Was S t)
after that date if the request was sent outside the United States.

9/25/06
Date

Signature

Bennett R. Gallo
Printed/Typed Name

Surplex Underwriters, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in ıving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an a ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c t of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint i unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve n the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons vith the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By ıiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Bigos , acknowledge receipt of our request

that I waive service of summons in the action of Neil Gonsalves, as Adminis rator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES D :TRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the com laint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in th manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objectic s to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summc s or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose beh: f I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 7, 006 , or within 90 days
(Date Request Was Se )
after that date if the request was sent outside the United States.

9-14-06
Date

Signature

James A. Bigos
Printed/Typed Name

Gresham & Associates of RI, ic.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in s 'ing costs of service of the summons and complaint. A defendant located in the United States who after being notified of an ac on and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the co of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is ifounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of th action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any lating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where ie action has been brought.

A defendant who waives service must within the time specified on the waiver form serve the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response ith the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By w ving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiv of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, James A. Bigos, Esquire, acknowledge receipt of y r request

that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl nt in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection: o the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon: or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

9-21-06
Date

[signature]
Signature

James A. Bigos, Esquire
Printed/Typed Name

Gresham & Associates of Rhode sland, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in sa ig costs of service of the summons and complaint. A defendant located in the United States who after being notified of an acti and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost f such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is u ounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the ction or over its person or property. A party who waives service of the summons retains all defenses and objections (except any re ting to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where t action has been brought.

A defendant who waives service must within the time specified on the waiver form serve o he plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response w h the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By wai ng service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waive of service was received. ..

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Joseph V. Cavanagh, Jr., acknowledge receipt of your request that I waive service of summons in the action of Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al (Caption of Action), which is case number CA #06-76-L (Docket Number) in the UNITED STATES DISTRICT COURT for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 7, 2006 (Date Request Was Sent), or within 90 days after that date if the request was sent outside the United States.

9/19/06
Date

Joseph V. Cavanagh, Jr. (by ker)
Signature

Joseph V. Cavanagh, Jr. (Bar ____)
Printed/Typed Name

Anheuser-Busch, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Joseph V. Cavanagh, Jr. , acknowledge receipt of your request

that I waive service of summons in the action of Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DISTRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 7 2006, or within 90 days
(Date Request Was Sent)
after that date if the request was sent outside the United States.

9/19/06
Date

Joseph V. Cavanagh, Jr. (by ...)
Signature

Joseph V. Cavanagh, Jr. (Bar # )
Printed/Typed Name

Anheuser-Busch Companies, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Dennis J. Roberts, II , acknowledge receipt o your request that I waive service of summons in the action of Neil Gonsalves, as Admini: :rator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al:
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES D STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the cor plaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in t e manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objecti ns to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ ns or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose beh lf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 2006, or within 90 days
(Date Request Was S t)
after that date if the request was sent outside the United States.

9/21/06
Date

Signature II (#0 560)

Dennis J. Roberts, II
Printed/Typed Name

Anchor Solutions Company, In .
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in ving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an a ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c t of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint i unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve n the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By iving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, David A. Wollin, acknowledge receipt o your request

that I waive service of summons in the action of Neil Gonsalves, as Admini trator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES I STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ient, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the coı ɔlaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in t e manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objecti ıs to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ ıs or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose bel lf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was S t)

9/22/06
Date

Signature (4950)

David A. Wollin
Printed/Typed Name

Joseph Lafontaine
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in ıving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an a ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c t of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint i unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except an elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve ın the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons vith the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By iving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire

(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, David Mitrou, acknowledge receipt o /our request

that I waive service of summons in the action of Neil Gonsalves, as Admini: :rator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als

(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES D STRICT COURT

(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the con laint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in t : manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objecti is to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ is or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose beh f I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 2006, or within 90 days after that date if the request was sent outside the United States.

(Date Request Was S t)

9/28/06
Date

[signature]
Signature

David Mitrou
Printed/Typed Name

Polar Industries, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in ving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an a ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c t of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint i unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of t : action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve n the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons vith the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By iving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Mark Parsky , acknowledge receipt c your request

that I waive service of summons in the action of Neil Gonsalves, as Admini trator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES I STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ient, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the co plaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in e manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or object ns to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ ns or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose bel lf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was S it)

10/10/06
Date

Signature

Mark Parsky, Esquire
Printed/Typed Name

~~Home Depot U.S.A., Inc.~~
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in aving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an tion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c st of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except an elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serv on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By aiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Marc DeSisto , acknowledge receipt of 'our request

that I waive service of summons in the action of Neil Gonsalves, as Adminis :rator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES D ;TRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the com laint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in tl manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objectic s to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summc s or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose beh: f I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 1, :006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Se )

However, it is explicitly understood that acceptance of this Waiver of Service of Summons is wholly condit ied upon Plaintiffs' agreement that Defendant's Answer, filed on or about March 17, 2006, shall suffice as Answer to Plaintiffs' Notice of loption of Third Amended Master Complaint.

Oct, 4, 2006
Date

[signature]
Signature

Marc DeSisto, Esquire
Printed/Typed Name

Stephen D. Murray
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in s ring costs of service of the summons and complaint. A defendant located in the United States who after being notified of an ac on and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the co of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is nfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of tl action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any lating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place wher ie action has been brought.

A defendant who waives service must within the time specified on the waiver form serve the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response ith the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By w ving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wai r of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Marc DeSisto, Esquire , acknowledge receipt of our request

that I waive service of summons in the action of Neil Gonsalves, as Adminis rator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES D STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instru ent, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the con laint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in t manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objecti s to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ s or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose beh f I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Se )

However, it is explicitly understood that acceptance of this Waiver of Service of Summons is wholly condi ned upon Plaintiffs' agreement that Defendant's Answer, filed on or about March 17, 2006, shall suffice as Answer to Plaintiffs' Notice of doption of Third Amended Master Complaint.

9/11/06
Date

[signature]
Signature

Marc DeSisto, Esquire
Printed/Typed Name

Malcolm Moore
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in ving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an a ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c t of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint i unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except an elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve n the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By iving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Mark T. Nugent , acknowledge receipt c your request

that I waive service of summons in the action of Neil Gonsalves, as Admini trator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et al
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES I STRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrı ient, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the coı plaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in e manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or object ns to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summ ns or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose bel If I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 7, 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was S it)

10/12/06
Date

[signature]
Signature

Mark T. Nugent, Esquire
Printed/Typed Name

High Tech Special Effects, nc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in aving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an : :ion and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the c st of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of e action or over its person or property. A party who waives service of the summons retains all defenses and objections (except an elating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place whe the action has been brought.

A defendant who waives service must within the time specified on the waiver form serv on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the respons with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By aiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for wa er of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, John G. Hines, Esquire , acknowledge receipt of y ur request

that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrum it, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the comp int in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behal am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

11/10/06
Date

[signature]
Signature

John G. Hines, Esquire
Printed/Typed Name

Sentinel Products Corp.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in sa ng costs of service of the summons and complaint. A defendant located in the United States who after being notified of an acti n and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost f such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is u founded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the ction or over its person or property. A party who waives service of the summons retains all defenses and objections (except any re ting to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where e action has been brought.

A defendant who waives service must within the time specified on the waiver form serve o the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response w h the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By wa ing service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waive of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Rajaram Suryanarayan, Esquire, acknowledge receipt of y ir request

that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl nt in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections o the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 20 7, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

Date

Signature

Rajaram Suryanarayan, Esquire
Printed/Typed Name

Wm. T. Burnett Operating LLLP
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi ; costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actioi and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o uch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rel ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th iction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wit the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Rajaram Suryanarayan, Esquire, acknowledge receipt of y ur request that I waive service of summons in the action of Neil Gonsalves, as Administ ator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIS RICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume t, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl nt in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the anner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objection: o the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summon: or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 20( 7, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

Date

Signature

Rajaram Suryanarayan, Esquire
Printed/Typed Name

Wm. T. Brunett & Co., Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi ; costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actio and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost c such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un unded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rel ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th iction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wi the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver 'service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Rajaram Suryanarayan, Esquire, acknowledge receipt of yo r request

that I waive service of summons in the action of Neil Gonsalves, as Administ itor of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIST ICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrume and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compl it in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the r nner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons r in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf im acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 200 __, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

______________ Date

______________ Signature

Rajaram Suryanarayan, Esquire
Printed/Typed Name

Wm T. Burnett & Co
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savi costs of service of the summons and complaint. A defendant located in the United States who after being notified of an actior ind asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost o uch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is un inded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the a ion or over its person or property. A party who waives service of the summons retains all defenses and objections (except any rela ng to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where th ction has been brought.

A defendant who waives service must within the time specified on the waiver form serve on e plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response wit the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiv g service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Rajaram Suryanarayan, Esquire, acknowledge receipt of yo · request that I waive service of summons in the action of Neil Gonsalves, as Administr tor of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATES DIST ICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrumen and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the compla t in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the m nner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I m acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 1, 2007, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

_______________
Date

_______________
Signature

Rajaram Suryanarayan, Esquire
Printed/Typed Name

WM T. Burnett Management, Inc.
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in savin costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action id asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of ch service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfc ıded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the ac n or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relati g to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the tion has been brought.

A defendant who waives service must within the time specified on the waiver form serve on th plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with e Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waivin service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver o ervice was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Marc DeSisto, Esquire , acknowledge recei of your request that I waive service of summons in the action of Neil Gonsalves, as Adm: iistrator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et a s
(Caption of Action)
which is case number CA #06-76-L in the UNITED STATE DISTRICT COURT
(Docket Number)
for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this ir rument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the omplaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial proces n the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or obj ctions to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the su mons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose ehalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September , 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request W s Sent)

**Note: Execution of this waiver is expressly conditioi d upon the plaintiffs' acceptance of defendants' Answer, as previously filed n March 17, 2006.**

12/20/06
Date

[signature]
Signature

Marc DeSisto, Esquire (# 757)
Printed/Typed Name

Town of West Warwick
For Defendant

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperat in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of n action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear e cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the compl it is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matt of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (excep any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place here the action has been brought.

A defendant who waives service must within the time specified on the waiver form rve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the res onse with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request f waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Marc DeSisto, Esquire , acknowledge recei t of your request

that I waive service of summons in the action of Neil Gonsalves, as Adm nistrator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et ls
(Caption of Action)
which is case number CA #06-76-L in the UNITED STAT S DISTRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this i trument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of th complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial proces in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or ob ctions to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the s nmons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whos behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 1, 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request \ s Sent)

**NOTE: Execution of this waiver is expressly conditio ed upon the plaintiffs' acceptance of defendants' Answer, as previously filed on March 17, 2006.**

2/28/06
Date

[signature]
Signature

Marc DeSisto, Esquire ( 2757 )
Printed/Typed Name

Anthony Bettencourt
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooper in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified o an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bea he cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the comp int is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject mat r of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (exc any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the plac where the action has been brought.

A defendant who waives service must within the time specified on the waiver forr erve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the re onse with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendan By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Russell Bramley, Esquire
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, Marc DeSisto, Esquire, acknowledge receipt of your request

that I waive service of summons in the action of Neil Gonsalves, as Administrator of the Estate of Michael Gonsalves vs. Jeffrey Derderian, et als
(Caption of Action)

which is case number CA #06-76-L in the UNITED STATES DISTRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September , 2006, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

**NOTE: Execution of this waiver is expressly conditioned upon the plaintiffs' acceptance of defendants' Answer, as previously filed on March 17, 2006.**

12/20/06
Date

[signature]
Signature

Marc DeSisto, Esquire (# 757 )
Printed/Typed Name

Dennis P. Larocque
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.